IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO V. VILLASENOR,

    Petitioner,               No. 2:09-cv-2324 KJM EFB P

    vs.

MICHAEL MARTEL,

    Respondent.             ORDER

                            /

     Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 8, 2012, respondent moved to dismiss the petition on that ground that four of petitioner's nine claims were unexhausted. Dckt. No. 23. On April 12, 2012, petitioner requested the court stay this proceeding so he could return to state court to exhaust the four unexhausted claims. Dckt. No. 28 at 5. On May 4, 2012, petitioner filed a document entitled "Notice of Filing State Petition and Clarification of Prior Pleading." Dckt. No. 29. In this document, petitioner explains that he has filed a habeas petition in the California Supreme Court to exhaust his unexhausted claims. *Id.* at 1. A review of the California Courts' website shows that on May 7, 2012, petitioner filed a habeas petition in the California Supreme Court, which was denied on November 20, 2012.

////

Based on the foregoing, the undersigned ordered the parties to show cause, in writing, on or before February 11, 2013, why respondent's motion to dismiss and petitioner's motion for a stay should not be dismissed as moot. Respondent filed a reply, which states, "To the extent petitioner has now presented his federal claims in the California Supreme Court and the California Supreme Court has denied the petition with those federal claims, the federal claims are exhausted and Respondent's motion to dismiss for failure to exhaust is moot."

Respondent's reply to the order to show cause is unresponsive. It simply contains a concession that a petitioner exhausts his state remedies by presenting them to the California Supreme Court. The undersigned did not issue the order to show cause to verify the applicable law concerning exhaustion, but rather to ascertain whether petitioner, in this specific case, had in fact exhausted the state remedies for the claims respondent seeks to dismiss for lack of exhaustion. The undersigned's attempt to determine whether petitioner exhausted his state remedies was further frustrated by petitioner's failure to respond to the order to show cause.

In light of the parties' failures, the undersigned will provide both parties with an additional opportunity to address the issue of whether petitioner has exhausted his state remedies, thereby rendering the pending motions moot. Accordingly, it is hereby ORDERED that the parties show cause, in writing, on or before March 21, 2013, why respondent's motion to dismiss, Dckt. No. 23, and petitioner's motion for a stay, Dckt. No. 28, should not be dismissed as moot.

DATED: March 7, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE